# C'OUNTY OF OXFORD.

† CALDWELL *versus* HAWKINS.

A collector of taxes legally qualified, acting within the scope of his powers, under a *warrant* from competent authority, may justify thereby the seizure and sale of the property of such delinquents as refuse to pay the taxes assessed against them.

His justification will not fail by reason of any errors in the assessment or in the proceedings of the town, at the meeting at which he was chosen.

And the return of his doings, upon the warrant, is *prima facie* evidence of the facts therein stated.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding. TRESPASS.

The defendant, as collector of taxes of the town of Oxford, took a pair of steers, the property of plaintiff, wherewith to satisfy a tax against him.

The defendant introduced a portion of the records of the town, a copy of the tax bills, warrant, and his doings thereon.

The plaintiff also introduced other records of the town. All the evidence was subject to any legal objections.

The return of the defendant upon the warrant set forth his doings, which appeared to have been in conformity with the provisions of law. No other commitment of the taxes to defendant appeared than by the warrant, which was directed to him and signed by three individuals, "Selectmen and Assessors of Oxford."

It was agreed that if, upon the evidence legally admissible, the justification is made out, a nonsuit is to be entered; otherwise, a default.

*C. W. Walton,* for defendant, maintained that the evidence admissible showed: —

1st. That defendant was the collector of taxes.

2d. That in taking plaintiff's property, he acted regularly under his warrant and tax bills.

3d. That they came from competent authority, and were in legal form.

4th. That his warrant is his protection against all illegality but his own, and cited *Ford* v. *Clough*, 8 Maine, 334; *Kellar* v. *Savage*, 17 Maine, 444; *Smith* v. *Titcomb*, 31 Maine, 272; *Holden* v. *Clarke*, 8 Pick. 436; *Sprague* v. *Bailey*, 19 Pick. 436.

5th. The collector's return is *prima facia* evidence in his favor of the facts therein stated. *Dean* v. *Washburn*, 18 Maine, 100.

6th. Selectmen are to be assessors in certain cases. R. S., c. 14, § § 29, 30.

*J. J. Perry*, for plaintiff, argued that defendant must show that the town, in all its proceedings and by its officers, have complied with the requirements of law, and without this, the justification fails, and cited many omissions in the records introduced of matters required by the statute, and pointed out various defective proceedings.

He also argued, that the warrant was not legal, being signed by *selectmen*, who have no authority, and that a larger amount was assessed than was raised by the town, and cited *Huse* v. *Merriam*, 2 Maine, 375; *Moshier* v. *Roby*, 11 Maine, 136; *Sibley* v. *Burnham*, 15 Maine, 144. That the warrant was void on its face, and was no protection.

The tax bills were never *committed* to defendant under the hands of legally qualified assessors. If the bills were not legally committed, the defendant had no right to distrain for the payment of any tax in such list. R. S., c. 14, § 66.

Before distraining there must be a demand and refusal. Of this the return is not legal evidence. *Bicknell* v. *Hill*, 33 Maine, 297.

GOODENOW, J. — This is an action of trespass, for taking a pair of steers, the property of the plaintiff. The defen-

dant admits the taking, and justifies as collector of taxes for the town of Oxford.

By the copies from the records of the town of Oxford, it appears that the defendant was duly chosen and qualified as collector of the town of Oxford; that he had given bond as required. And it also appears, that in taking and selling the plaintiff's steers, he acted regularly under a warrant and tax bills duly issued from the selectmen and assessors of said town of Oxford.

"A collector's warrant is his protection against all illegality but his own, and his return is *prima facie* evidence in his favor of the facts therein stated."

. Upon the evidence in the case legally admissible, we are of opinion, that a justification is made out, and that a nonsuit should be entered. *Plaintiff nonsuit.*